# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, <br><br> Petitioner - Appellee, <br><br> v. <br><br> TERRAFORM LABS PTE, LTD. and DO KWON, <br><br> Respondents-Appellants. | Case No.: 22-368 |

## RESPONDENTS-APPELLANTS' REPLY IN FURTHER SUPPORT OF EMERGENCY MOTION FOR STAY PENDING APPEAL AND EXPEDITED CONSIDERATION

Respondents-Appellants Terraform Labs PTE Ltd. ("TFL") and Do Kwon ("Appellants") respectfully submit this reply in further support of their Emergency Motion for Stay Pending Appeal And Expedited Consideration ("Motion").[1]

As an initial matter, Appellants respectfully request that this motion be assigned to one of the March 8, 2022 Motions Panels. The SEC does not object to expedited consideration of this appeal (Opposition 1-2). Following the entry of this Court's order denying interim relief and referring the Motion to the next available Motions Panel, the SEC demanded compliance with document

---

[1] Capitalized terms not defined herein have the meanings set forth in the Motion. References to Petitioner-Appellee's Response to Respondents-Appellants' Emergency Motion for Stay Pending Appeal and Expedited Consideration are in the form "Opposition __."

production portions of the Subpoenas by March 17 and the testimonial aspect of the Subpoenas by the end of March. The expedited schedule proposed in the Motion would result in this appeal being fully briefed just after the SEC has demanded compliance with the Subpoenas. A stay while this appeal is decided thus would not harm the SEC.

On the merits of this Motion, the core of the SEC's Opposition is the assertion that Appellants' interpretation of the SEC rules at issue is wrong because that interpretation "would allow an individual to avoid service of a subpoena by simultaneously saying: (1) the Commission must serve counsel, but (2) counsel will not accept service" (Opposition 2). There are two critical problems with the SEC's position:

*First*, it has nothing to do with this proceeding because the SEC never asked counsel to accept service of the Subpoenas. Appellants were voluntarily cooperating with the SEC, and the SEC unilaterally decided to try to serve initial compulsory process on Mr. Kwon without (a) obtaining a Rule 150(b) order, (b) asking counsel to accept service, or (c) even telling counsel it was issuing the Subpoenas. The SEC's position deliberately conflates effective service of initial compulsory process with delivering something to counsel. It is settled law that "service of process on an attorney not authorized to accept service for his client is

2

ineffective." *Santos v. State Farm Fire and Cas. Co.*, 902 F.2d 1092, 1094 (2d Cir. 1990). The SEC's arguments would nullify that long-standing principle.

*Second*, the SEC had a number of options for seeking discovery from Appellants: The SEC can obtain information through accepted international protocols, such as the International Organization of Securities Commissions' (IOSCO) Enhanced Multilateral Memorandum of Understanding.[2] The securities regulators of the United States, Singapore, and Korea are IOSCO signatories, and the SEC could have tried to use the IOSCO protocols at any time.

This appeal is important because it brings into stark relief the rules relating to proper service of initial compulsory process, the effects of voluntary cooperation with the SEC on foreign entities, and the SEC's choices not to use (or perhaps avoid) IOSCO protocols. This Court should stay the Subpoenas pending the resolution of the important issues raised by this appeal.

---

[2] Under IOSCO, signatory nations have pledged to offer one another the "Fullest Assistance Permissible," including "obtaining and providing Information from any Persons regarding the matters set forth in the request" and "compelling a Person's physical attendance to take or, where permissible, compel that Person's statement or testimony under oath." EMMoU, Art. 3(2)(b)-(c). An overview of the SEC's cooperative arrangements with foreign regulators, including IOSCO and bilateral compacts with individual nations, can be found on the Commission's website, at https://www.sec.gov/about/offices/oia/oia_coopfactsheet.htm.

## CONCLUSION

For the foregoing reasons and those set forth in the Motion, Appellants respectfully request that this Court grant their motion for a stay pending appeal and order the expedited briefing requested in the Motion.

Dated: March 4, 2022

Respectfully submitted,

*/s/ Douglas W. Henkin*
Douglas W. Henkin
DENTONS US LLP
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 768-6832
Facsimile: (212) 768-6800

Nicholas W. Petts (*pro hac vice* forthcoming)
1900 K Street NW
Washington, D.C. 20006
Telephone: (202) 496-7356
Facsimile: (202) 496-7756

*Counsel for Appellants Do Kwon and Terraform Labs PTE, Ltd.*

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS**

1. This motion complies with the word limit of Fed. R. App. P. 27(d)(2)(A), because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 611 words.

2. This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and Fed. R. App. P. 32(a)(6). The motion has been prepared in a proportionally spaced typeface using Microsoft Word 365 in 14-point Times New Roman font.

March 4, 2022

                                        */s/ Douglas W. Henkin*
                                        Douglas W. Henkin

                                        *Counsel for Appellants Do Kwon*
                                        *and Terraform Labs PTE, Ltd.*

## CERTIFICATE OF SERVICE

  I, Douglas Henkin, an attorney, hereby certify that on March 4, 2022, I electronically filed the foregoing **NOTICE OF APPEAL** by using the CM/ECF system, which will send notification of such filing to all counsel of record.

               *s/ Douglas W. Henkin*
               Douglas W. Henkin