MANDATE

22-368-cv
*United States Securities and Exchange Commission v. Terraform Labs Pte Ltd., Do Kwon*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of June, two thousand twenty-two.

PRESENT:
      ROSEMARY S. POOLER,
      RICHARD C. WESLEY,
      MYRNA PÉREZ,
         *Circuit Judges.*

─────────────────────────────────────────

United States Securities and Exchange Commission,

    *Petitioner-Appellee*,

v.            22-368

Terraform Labs Pte Ltd., Do Kwon,

    *Respondents-Appellants*.

─────────────────────────────────────────

FOR PETITIONER-APPELLEE:      ERIC A. REICHER, Special Trial Counsel (Tracey L. Sasser, Samuel M. Forstein, *on the brief*), United States Securities and Exchange Commission, Washington, DC.

FOR RESPONDENTS-APPELLANTS:      DOUGLAS W. HENKIN, Dentons US LLP, New York, NY.

MANDATE ISSUED ON 08/01/2022

1    Appeal from an order of the United States District Court for the Southern District of New
2    York (Oetken, *J.*).

3    **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND**
4    **DECREED** that the February 17, 2022 order of the district court is **AFFIRMED**.

5    Appellants Terraform Labs Pte Ltd. ("Terraform") and Do Kwon ("Kwon") (collectively
6    "Appellants") appeal from the district court's (Oetken, *J.*) order granting the United States
7    Securities and Exchange Commission's ("SEC") application for an order requiring compliance
8    with investigative subpoenas for documents from Appellants and testimony from Kwon.  The
9    subpoenas were served as part of an SEC investigation into whether Appellants violated federal
10   securities laws in their participation in the creation, promotion, and offer to sell various digital
11   assets related to the "Mirror Protocol," a blockchain technology.  On appeal, Appellants argue
12   that the district court erred in two ways.  First, the application should not have been granted
13   because the SEC violated its Rules of Practice ("the Rules") when it served the subpoenas by
14   handing a copy to Kwon, Terraform's chief executive officer, while he was present in New York.
15   Second, the district court lacked personal jurisdiction because Appellants lacked sufficient
16   contacts with the U.S.  For the reasons stated below, we conclude that the district court properly
17   granted the SEC's application.  We assume the parties' familiarity with the underlying facts,
18   procedural history, and issues on appeal, to which we refer only as necessary to explain our
19   decision.

20   I.    **Service**

21   The district court properly concluded that the SEC complied with the Rules.  We review
22   a district court's decision to enforce an administrative subpoena for abuse of discretion.  *McLane*

*Co. v. EEOC*, 137 S. Ct. 1159, 1169 (2017). "To win judicial enforcement of an administrative subpoena, SEC must show [1] that the investigation will be conducted pursuant to a legitimate purpose, [2] that the inquiry may be relevant to the purpose, [3] that the information sought is not already within the Commissioner's possession, and [4] that the administrative steps required have been followed." *RNR Enters. v. S.E.C.*, 122 F.3d 93, 96–97 (2d Cir. 1997) (internal quotation marks and alterations omitted). Here, only the last prong is in dispute. The Rules provide the relevant administrative steps for serving investigative subpoenas, *see generally* 17 C.F.R. Part 201, Subpart D, and require that such service comply with the provisions of Rule 150(b) through (d), *id*. § 201.232(c). Those provisions of Rule 150 in relevant part, read:

> (b) Upon a person represented by counsel. Whenever service is required to be made upon a person represented by counsel who has filed a notice of appearance pursuant to § 201.102, service shall be made pursuant to paragraph (c) of this section upon counsel, unless service upon the person represented is ordered by the Commission or the hearing officer.
>
> (c) How made. Service shall be made electronically in the form and manner to be specified by the Office of the Secretary in the materials posted on the Commission's website. Persons serving each other shall have provided the Commission and the parties with notice of an email address.
> [. . .]
> (d) Additional methods of service. If a person reasonably cannot serve electronically, or if service is of an investigative subpoena pursuant to 17 C.F.R. 203.8, service may be made by delivering a copy of the filing. Delivery means:
>
> > (1) Personal service–handing a copy to the person required to be served . . .

*Id*. § 201.150(b)–(d).

Before the SEC served Kwon, Appellants' counsel contacted the SEC and provided some contact information. Appellants then entered a proffer agreement with the SEC. According to the SEC, despite the agreement, Appellants failed to answer questions related to their digital assets

3

and did not commit to complying with the SEC's document requests. After attempts at voluntary compliance, the SEC prepared two investigative subpoenas—one for Kwon, one for Terraform. On September 20, 2021, a process server hand-served the subpoenas on Kwon on behalf of the SEC while he was in New York and emailed copies to Appellants' counsel. Appellants' counsel informed the SEC that he "did not believe that service of the subpoenas was proper." App'x at 70–71.

At the outset, our precedent makes clear that the SEC could serve the corporate entity Terraform through Kwon, the company's chief executive officer and authorized agent. *See In re Grand Jury Subpoenas Issued to Thirteen Corps.*, 775 F.2d 43, 46 (2d Cir. 1985) ("A corporation may be served through an officer or agent explicitly or implicitly authorized to accept service of process."). Here, the sole issue as to the SEC's compliance with the Rules is the method of service. Appellants contend that the SEC's service on Kwon failed to comply with Rule 150(b) because Appellants' counsel provided certain contact information to the SEC, such that Kwon and Terraform were "represented by counsel" within the meaning of that provision. 17 C.F.R. § 201.150(b). As "persons represented by counsel," Appellants assert that the SEC was obligated to comply with Rule 150(b) and effect service upon Appellants' counsel or obtain an order from the Commission or a hearing officer before serving Kwon or Terraform directly, and its failure to take either step made the service ineffective. Appellants also argue, alternatively, that the copies emailed to their counsel did not satisfy Rule 150(b) because the email "did not purport to have effected service" via their counsel and was therefore not valid service. Appellants' reading of the Rules is contrary to the text and would produce absurd results by allowing a party to insist on service through counsel, but allow the party to block said service by not authorizing their counsel

4

to receive any filings.

Rule 150(b) only applies when a represented party's counsel "file[s] a notice of appearance pursuant to [Rule 102]." *Id*. § 201.150(b). Rule 102(d) is entitled: "[d]esignation of address *for service*; notice of appearance; power of attorney; withdrawal." *Id.* § 201.102(d) (emphasis added). Rule 102(d)(2) provides that persons "representing others" before the SEC "shall file with the Commission . . . a written notice stating . . . the representative's . . . business address [and] email address" among other things. *Id.* § 201.102(d)(2). The "business address" and "email address" to be included in the "written notice" is obviously the "address" that is to be designated for service under Rule 102(d).[1] Accordingly, a plain reading of the text prohibits a writing from being a notice of appearance unless a party agrees to receive service at the provided address.

To be clear, Appellants do not maintain that they filed a formal notice of appearance with the SEC, arguing instead there was no docket to file such notice and, their counsel's email to the SEC suffices as notice under the Rules. We need not decide whether the Rules require a formal filing on a docket because, even if counsel could "file" a notice of appearance by emailing contact information to the SEC, whatever writing Appellants' counsel provided was not a notice of appearance because it did not contain an address suitable for service. In fact, before the district

---

[1] Although we need not resort to the regulation's history, we note that it, too, confirms our interpretation of Rule 102. In 1995, the SEC adopted comprehensive revisions to the Rules, including a revision to Rule 102 to require "persons filing a notice of appearance [to] keep the information contained in the notice, such as address and telephone number, up-to-date." *Rules of Practice*, 60 Fed. Reg. 32738, 32747 (June 23, 1995). The SEC clarified that "[c]urrent information is necessary to permit the expeditious *service* of orders as well as other efforts to contact a party." *Id*. (emphasis added). In 2020, the SEC amended the Rules "to require persons involved in Commission administrative proceedings to file and *serve* documents electronically." *Amendments to the Commission's Rules of Practice*, 85 Fed. Reg. 86464, 86464 (Dec. 30, 2020) (emphasis added). Rule 102(d) was amended to require "both a mailing address and an email address" in the "notice" for the purposes "of electronic filing and *service*." *Id*. at 86473 (emphasis added).

5

1  court, Appellants refused to confirm whether their counsel was authorized to accept service. *See*
2  App'x 187. At oral argument before this Court, Appellants conceded that counsel was not
3  authorized to accept service at the time Kwon was served or at any time thereafter. Oral Arg. at
4  6:28–7:09. Therefore, because they never provided an address for service, Appellants cannot
5  now claim that their counsel filed a notice of appearance that would make hand-service on Kwon
6  improper under the Rules.

7  But even assuming Appellants' counsel should have been served, the subpoena copies sent
8  via email to Appellants' counsel constituted proper service under Rule 150(c). Rule 150(b)
9  permits the SEC to serve counsel pursuant to Rule 150(c), 17 C.F.R. § 201.150(b), and Rule 150(c)
10 provides that "[s]ervice shall be made electronically in the form and manner to be specified by the
11 Office of the Secretary in the materials posted on the Commission's website," *id*. § 201.150(c).
12 According to the SEC's Office of the Secretary, "[i]nvestigative [s]ubpoenas must be served
13 electronically" and outside of the agency's electronic filing system. OFF. OF THE SEC'Y, U.S. SEC.
14 AND EXCH. COMM'N, INSTRUCTIONS FOR ELECTRONIC FILING AND SERVICE OF DOCUMENTS IN SEC
15 ADMINISTRATIVE PROCEEDINGS AND TECHNICAL SPECIFICATIONS 2, 5 (2020). Appellants argue
16 that the SEC's email to their counsel was ineffective service because the cover email "did not
17 purport to have effected service by being sent to [counsel]." Appellants' Br. at 11. Appellants
18 provide no authority for the proposition that a subpoena or its cover email must convey certain
19 specific and precise words to be effective.

20 Accordingly, the district court correctly concluded that the SEC's service of the subpoenas
21 complied with the Rules.

22

II. **Personal Jurisdiction**

The district court properly concluded that it had personal jurisdiction over Terraform and Kwon. We review the factual findings in a district court's decision on personal jurisdiction for clear error and its legal conclusions de novo. *Frontera Res. Azer. Corp. v. State Oil Co. of Azer. Republic*, 582 F.3d 393, 395 (2d Cir. 2009). Appellants are a foreign person and entity—Terraform is a Singapore-incorporated company and Kwon is a resident of the Republic of Korea. For a court to exercise specific jurisdiction over these non-residents, three conditions must be satisfied. "First, the [non-resident] must have purposefully availed itself of the privilege of conducting activities within the forum State or have purposefully directed its conduct into the forum State. Second, the plaintiff's claim must arise out of or relate to the [non-resident's] forum conduct. Finally, the exercise of jurisdiction must be reasonable under the circumstances." *U.S. Bank Nat'l Ass'n v. Bank of Am. N.A.*, 916 F.3d 143, 150 (2d Cir. 2019) (internal quotation marks and citations omitted).

The district court's specific personal jurisdiction determination rested on seven contacts with the U.S.[2] We agree. Appellants purposefully availed themselves of the U.S. by promoting the digital assets at issue in the SEC's investigation to U.S.-based consumers and investors. *See, e.g.*, *Securities & Exch. Commn. v. PlexCorps*, 2018 WL 4299983, at *10 (E.D.N.Y. Aug. 9, 2018) ("Defendants created contacts with the United States by . . . doing

---

[2] In evaluating Kwon and Terraform's contacts with the U.S., we have, consistent with our precedent, imputed Terraform's contacts onto Kwon. *See, e.g.*, *EMI Christian Music Grp., Inc. v. MP3tunes, LLC*, 844 F.3d 79, 98 (2d Cir. 2016) (holding that it is "appropriate" to consider company's contacts in forum in evaluating whether court could exercise personal jurisdiction over CEO who "exercised extensive control" over said company).

7

business while traveling in the United States, . . . and marketing their products to United States consumers via the Internet."). Appellants retained U.S.-based employees, including a Director of Special Projects that has promoted these digital assets in the U.S. *See, e.g., Goldfarb v. Channel One Russia*, 442 F. Supp. 3d 649, 664 (S.D.N.Y. 2020) (exercising personal jurisdiction where corporation's in-forum employee served subscribers in the forum). Appellants entered into agreements with U.S.-based entities to facilitate the trade of these same digital assets, including a $200,000 deal with one U.S.-based trading platform. *See, e.g.*, *U.S. Titan, Inc. v. Guangzhou Zhen Hua Ship. Co.*, 241 F.3d 135, 152 (2d Cir. 2001) (concluding corporation purposely availed itself of the U.S. forum by "negotiating and forming a contract" with U.S.-based corporation). While seeking to enter into an agreement with a U.S.-based company, Appellants indicated that 15% of users of its Mirror Protocol are within the U.S. *See, e.g.*, *EMI Christian Music Grp., Inc.*, 844 F.3d at 98 (exercising specific personal jurisdiction because non-resident was aware that his company provided services to users in the forum). Moreover, the district court's exercise of jurisdiction was reasonable and would not "offend traditional notions of fair play or substantial justice" because the conduct was "purposefully directed toward residents of [the U.S.], and the suit arose from and related directly to those [forum] contacts." *U.S. Bank Nat'l Ass'n*, 916 F.3d at 152.

Appellants' arguments to the contrary are unpersuasive. First, they argue that the SEC's previous efforts to obtain voluntary cooperation suggests that the SEC knew Appellants' contacts with the U.S. were not sufficient to support personal jurisdiction. This argument is not relevant because personal jurisdiction is a question of federal law to be decided by federal courts—not the SEC. *See, e.g.*, *Chew v. Dietrich*, 143 F.3d 24, 30 (2d Cir. 1998). Second, Appellants argue

8

that the district court's exercise of personal jurisdiction was so expansive that it could subject any corporation listed on a U.S. securities exchange as well as any "digital asset" company to the court's jurisdiction. However, this argument misinterprets the district court's justification for its exercise of *specific* personal jurisdiction which relied on Appellants' purposeful and extensive U.S. contacts, including marketing and promotion to U.S. consumers, retention of U.S.-based employees, contracts with U.S.-based entities, and business trips to the U.S., all of which related to the Mirror Protocol and digital assets at issue in the SEC's investigation. *See, e.g.*, *Balestra v. ATBCOIN LLC*, 380 F. Supp. 3d 340, 350–51 (S.D.N.Y. 2019) (exercising specific personal jurisdiction over founders of a "blockchain" company based on conduct "target[ing] the U.S. market in an effort to promote the sale of . . . the very unregistered security at issue in [the] litigation").[3]

---

[3] Appellants also argue that the district court's personal jurisdiction analysis took improper judicial notice of a sponsorship agreement between the Washington Nationals baseball team and an entity known as "Terra Community Trust." We need not resolve, however, whether the judicial notice was an abuse of discretion as the district court found more than enough contacts in the U.S. to support specific personal jurisdiction despite the sponsorship agreement.

1    We have considered all of Appellants' remaining arguments and conclude they are

2    without merit.[4]   For the foregoing reasons, we conclude that the district court properly granted

3    the SEC's application for an order requiring compliance with the investigative subpoenas and we

4    **AFFIRM** the order of the district court.

5                                                             FOR THE COURT:
6                                                             Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

---

[4] Appellants contend that the SEC would likely have difficulty establishing that the digital assets at issue could be subject to federal securities laws, arguing they are not listed or traded on any U.S. exchange.   We need not address the question of whether Terraform's digital assets are securities to conclude the district court properly exercised personal jurisdiction.